*E-FILED - 8/17/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISSAC FLORES, | ) | No. C 10-2773 RMW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| FRANCISCO JACQUEZ, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the prison's 2008 determination that petitioner was an active gang member. Petitioner states that the decision resulted in his continued indefinite placement in the secured housing unit ("SHU"). He seeks relief overturning his validation as a gang member and ordering his release from the SHU. Petitioner has paid the filing fee.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order

Order of Dismissal With Leave to Amend
P:\pro-se\sj.rmw\hc.04\Flores382disrem

1  directing the respondent to show cause why the writ should not be granted, unless it appears
2  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §
3  2243. Summary dismissal is appropriate only where the allegations in the petition are vague or
4  conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908
5  F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Petitioner's Claim

Petitioner alleges his rights were violated when he was denied inactive status and re-validated as a gang member, which resulted in the denial of his release from the SHU for an indeterminate period based on four source items that Petitioner contends do not demonstrate that he has been involved in gang activity. As noted, Petitioner seeks relief that would overturn his gang validation and compel his release from the SHU.

Petitioner's claims are not cognizable in federal habeas corpus. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal quotation marks and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Despite petitioner's assertion that this petition does not challenge conditions of his confinement, where, as here, a petitioner's successful challenge to his administrative segregation will not necessarily shorten the prisoner's

sentence, habeas jurisdiction does not lie.[1]  See id.  Accordingly, petitioner may not proceed with his claims by way of federal habeas corpus and the petition is DISMISSED.

Where a prisoner files a habeas petition attacking the conditions of his confinement the district court may construe such petition as a civil rights action under 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  The court will not do so here, however, unless petitioner affirmatively informs the court that he wants this case to proceed as a civil rights action.  Specifically, because § 1983 cases filed by prisoners are subject to certain statutory requirements of which petitioner should be aware before deciding to proceed with a § 1983 action, the court will not construe the petition as a § 1983 action without petitioner's consent.  In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted.  See 42 U.S.C. § 1997e(a).  Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if in forma pauperis status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid.  See 28 U.S.C. § 1915(b).  For these reasons, petitioner might not seek to have the instant action treated as a § 1983 case.

Accordingly, this case is DISMISSED with leave to amend to allege a § 1983 action. Should petitioner fail to do so, the case will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, petitioner's case is DISMISSED with leave to amend. Petitioner must file his complaint no later than **thirty (30) days** from the date of this order. Petitioner must write the case number for this action -- Case No. C 10-2773 RMW (PR) -- on the form and complete all sections of the form.  Petitioner is particularly directed to name as

---

[1] The court notes that on June 16, 2004, petitioner filed a 28 U.S.C. § 2254 petition challenging his initial validation as an active gang member and his placement into SHU.  On December 5, 2007, the court dismissed his petition without prejudice, concluding that his claim did not challenge the duration or legality of his confinement or sentence would be more appropriately addressed in a civil rights complaint.  Flores v. McGrath, C 04-2382 RMW (PR) (N.D. Cal. Dec. 5, 2007).

1  defendants each person who caused a violation of his constitutional rights and explain what each
2  person did to cause the violation.  Liability under § 1983 arises only upon a showing of personal
3  participation by the defendant.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
4        As mentioned above, the filing fee for a civil rights action is $350.00.  Petitioner must
5  pay the $350.00 filing fee, or file an application for leave to proceed in forma pauperis, before
6  this action can proceed.  Accordingly, if petitioner chooses to file a civil rights complaint,
7  petitioner must pay the requisite $350.00 filing fee in this action no later than **thirty (30) days**
8  from the date of this order.  He shall include with his payment a clear indication that it is for the
9  above-referenced case number, Case No. C 10-2773 RMW (PR).  Alternatively, in the event that
10 petitioner is unable to pay the filing fee, he shall submit an in forma pauperis application, trust
11 account statement and certificate of funds no later than **thirty (30) days** from the date of this
12 order.
13       **Failure to file a completed civil rights form and to pay the filing fee or file the**
14 **requisite documents within the thirty-day deadline shall result in dismissal of this action**
15 **without prejudice.**
16       The Clerk of the Court shall send petitioner a blank civil rights form and the court's
17 prisoner IFP application form along with his copy of this order.
18       In light of the dismissal of this habeas action, petitioner's pending motions for the
19 appointment of counsel and motion for evidentiary hearing are DENIED without prejudice to-
20 refiling.  This order terminates docket numbers 2 and 3.
21       IT IS SO ORDERED.
22 DATED: 8/17/10
                              RONALD M. WHYTE
23                               United States District Judge