1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***E-FILED - 10/5/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ISSAC FLORES, | ) | No. C 10-2773 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION FOR |
| | ) | RECONSIDERATION; ORDER TO |
| vs. | ) | SHOW CAUSE |
| | ) | |
| FRANCISCO JACQUEZ, Warden, | ) | |
| | ) | (Docket Nos. 7, 8.) |
| Respondent. | ) | |
| _____ | ) | |

        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging the prison's 2008 determination that petitioner was an

active gang member.  Petitioner states that the decision resulted in his continued indefinite

placement in the secured housing unit ("SHU").  He seeks relief overturning his validation as a

gang member and ordering his release from the SHU.  On August 17, 2010, the court dismissed

petitioner's petition with leave to amend, finding that his claim was more appropriately

addressed in a federal civil rights action.  On September 9, 2010, petitioner filed a motion for

reconsideration, asking the court to permit his habeas petition to go forward without

transforming it into a civil rights complaint.

Order Granting Motion for Reconsideration; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.10\Flores773osc.wpd

**DISCUSSION**

A.   Habeas or Civil Rights

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus."  Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal quotation marks and citation omitted).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.  While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  In reviewing prior Ninth Circuit cases, Ramirez noted that Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), held that habeas jurisdiction is proper when expungement of a disciplinary finding is "likely to accelerate the prisoner's eligibility for parole."  In Bostic, the court cited to the Seventh and Fourth Circuit decisions in recognizing that habeas is available for a prisoner who "claims that he has been subjected to greater restrictions of liberty, such as disciplinary segregation, without due process of law."  Bostic, 884 F.2d at 1269 (citing McCollum v. Miller, 695 F.2d 1044, 1046 (7th Cir. 1982); McNair v. McCune, 527 F.2d 874, 875 (4th Cir. 1975) (per curiam) ("We hold there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause.")).

A further review of California federal cases reveals that the courts have been inconsistent regarding whether a challenge to an indeterminate sentence to administrative segregation based on a gang-validation can be properly addressed in a habeas petition.  See, e.g., Redd v. McGrath, 2007 WL 3233623 (9th Cir. 2007) (unpublished memorandum disposition) (affirming denial of

habeas relief without discussing whether jurisdiction was proper in a petition challenging

disciplinary hearing and resulting segregation); <u>Zimmerlee v. Keeney</u>, 831 F.2d 183 (9th Cir.

1987) (per curiam) (same); <u>Corral v. Gonzalez</u>, 2010 WL 3069244 (E.D. Cal. Aug. 3, 2010)

(order rejecting magistrate judge's conclusion that habeas petition be dismissed for lack of

jurisdiction because prisoner was challenging gang validation which affected his credit-earning

status); <u>Mosqueda v. Jacquez</u>, 2010 WL 25739097 (N.D. Cal. June 25, 2010) (dismissing with

leave to amend a habeas petition for lack of jurisdiction challenging indeterminate placement in

administrative segregation after being validated as a gang member); <u>Burton v. Adams</u>, 2010 WL

703182 (E.D. Cal. Feb. 25, 2010) (dismissing habeas petition for lack of jurisdiction because the

allegation that it affected eligibility for parole was too speculative and remote); <u>Waco v.</u>

<u>Gonzales</u>, 2010 WL 148198 (C.D. Cal. Jan. 7, 2010) (dismissing for lack of jurisdiction a habeas

challenge to a petitioner's indeterminate placement in administrative segregation based on his

revalidation as a gang member); <u>Dawkins v. McGrath</u>, 2009 WL 5110668 (E.D. Cal. Dec. 18,

2009) (denying on the merits a habeas petition challenging gang validation and placement in

SHU).

Upon consideration of the present state of the law, and petitioner's claim that his

continued retention in administrative segregation unfairly affects the likelihood of his release on

parole, the court GRANTS petitioner's motion for reconsideration and issues an order to the

respondent to show cause why the petition should not be granted.  This order does not preclude

respondent from arguing that the court lacks jurisdiction to hear petitioner's claims as a habeas

petition.

B.     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose</u>

<u>v. Hodges</u>, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order

directing the respondent to show cause why the writ should not be granted, unless it appears

1  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §

2  2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or

3  conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908

4  F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

5  B.      Petitioner's Claims

6          Petitioner alleges his rights were violated when he was denied inactive status and re-

7  validated as a gang member in 2008, which resulted in the denial of his release from the SHU for

8  an indeterminate period based on four source items that Petitioner contends do not demonstrate

9  that he has been involved in gang activity.  As noted, Petitioner seeks relief that would overturn

10 his gang validation and compel his release from the SHU.  Liberally construed, petitioner's

11 claims are sufficient to require a response.  The court orders respondent to show cause why the

12 petition should not be granted.

13                                    **CONCLUSION**

14      1.      The clerk shall serve by mail a copy of this order and the petition (docket no. 1)

15 and all attachments thereto upon the respondent and the respondent's attorney, the Attorney

16 General of the State of California.  The clerk shall also serve a copy of this order on the

17 petitioner.

18      2.      Respondent shall file with the court and serve on petitioner, within **ninety days** of

19 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

20 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

21 Respondent shall file with the answer and serve on petitioner a copy of all portions of the

22 underlying state criminal record that have been transcribed previously and that are relevant to a

23 determination of the issues presented by the petition.

24      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

25 court and serving it on respondent within **thirty days** of the date the answer is filed.

26      3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

27 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

28

Order Granting Motion for Reconsideration; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.10\Flores773osc.wpd

1  2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a motion,

2  petitioner shall file with the court and serve on respondent an opposition or statement of non-

3  opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the

4  court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

5        4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

6  all communications with the court must be served on respondent by mailing a true copy of the

7  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

8  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

9  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

10  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11        This order terminates docket numbers 7 and 8.

12        IT IS SO ORDERED.

13  DATED: _____10/4/10_____

                                    *Ronald M. Whyte*

14                                      RONALD M. WHYTE
                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28