1
2
3
4                                              ***E-FILED - 6/24/11***
5
6
7
8
9                    IN THE UNITED STATES DISTRICT COURT
10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ISSAC FLORES,                          )      No. C 10-2773 RMW (PR)
                                            )
12                    Petitioner,           )      ORDER DENYING
                                            )      RESPONDENT'S MOTION TO
13      vs.                                 )      DISMISS
                                            )
14   GREG LEWIS, Acting Warden,             )
                                            )
15                    Respondent.           )      (Docket Nos. 13, 14, 18)
     _____       )
16

17          Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28

18   U.S.C. § 2254 challenging a disciplinary decision.  The court ordered respondent[1] to show cause

19   why the petition should not be granted.  Respondent has filed a motion to dismiss for failure to

20   state a cognizable habeas claim.  Petitioner has filed an opposition, and respondent has filed a

21   reply.  For the reasons below, the court DENIES respondent's motion to dismiss.

22                                    **BACKGROUND**

23          In his petition, petitioner claims that his due process rights were violated when he was

24   denied inactive status and re-validated as a gang member in 2008, which resulted in the denial of

25

26          [1] Respondent notes that Greg Lewis is the Acting Warden of Petitioner's current place of
27   incarceration.  Thus, the Clerk is directed to substitute Acting Warden Greg Lewis for
     Respondent Francisco Jacquez, Warden, in this action.  Fed. R. Civ. P. 25(d).
28
     Order Denying Respondent's Motion to Dismiss
     P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd

1   his release from the Secured Housing Unit ("SHU") for an indeterminate period of time.  He has

2   filed unsuccessful state habeas petitions in California superior, appellate, and supreme courts.

3   Petitioner filed the instant federal petition on June 24, 2010.  He alleges that there was not "some

4   evidence" to support a finding of guilt, and that he was denied his right to association under the

5   First Amendment.  He requests that gang validation be overturned, and that he be released from

6   the SHU.

7                                              **DISCUSSION**

8          Respondent argues that habeas jurisdiction is absent because petitioner's claims, if

9   successful, would not affect the legality or duration of his confinement.  (MTD at 2-3.)

10  Respondent shows that petitioner was sentenced to an indeterminate life sentence, and has since

11  passed his minimum eligible parole date ("MEPD"), which was on October 11, 2006.  (Reply at

12  2, Ex. 2.)  Thus, asserts respondent, petitioner's claim, if successful, would not shorten his

13  sentence because petitioner's inability to accrue credits while in the SHU is irrelevant.  (Reply at

14  2.)  In response, petitioner argues that although he is not seeking his immediate release from

15  prison, he is seeking his immediate release from SHU because it is likely to accelerate his

16  eligibility for parole.

17         "Federal law opens two main avenues to relief on complaints related to imprisonment: a

18  petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of

19  1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any

20  confinement or to particulars affecting its duration are the province of habeas corpus."  Hill v.

21  McDonough, 547 U.S. 573, 579 (2006) (quotation marks and citation omitted).  "An inmate's

22  challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

23  Traditionally, challenges to prison conditions have been cognizable only via a section 1983 civil

24  rights action, while challenges implicating the fact or duration of confinement must be brought

25  through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The two

26  remedies are not always mutually exclusive, however.  Id. at 1031; see also id. at 1027 n.2.  The

27  Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate"

28

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd

1  eligibility for parole, even though success in such cases would not necessarily implicate the fact

2  or duration of confinement.  Id. at 1028 (citing Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989),

3  and Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003).  "Thus, although Supreme Court case

4  law makes clear that § 1983 is not available where a prisoner's claim 'necessarily' implicates the

5  validity or duration of confinement, it does not set out any mirror-image limitation on habeas

6  jurisdiction."  Docken, 393 F.3d at 1028; but see Ramirez, 334 F.3d at 859 ("habeas jurisdiction

7  is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

8  necessarily shorten the prisoner's sentence").

9      A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is

10  challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

11  determination that he is entitled to an immediate or speedier release from that imprisonment."

12  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Federal habeas corpus jurisdiction also exists

13  when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is

14  likely to accelerate the prisoner's eligibility for parole."  Bostic, 884 F.2d at 1269 (citing

15  McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)).  Bostic defined a class of suits

16  outside the "core" habeas claims identified in Preiser.  See Docken, 393 F.3d at1031.

17      An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very

18  duration of [his] physical confinement itself" and seeks "immediate release or speedier release

19  from that confinement."  Preiser, 411 U.S. at 487-88, 498.  The Ninth Circuit has concluded that

20  a "sufficient nexus" exists, and therefore habeas jurisdiction, where a prison inmate "seek[s]

21  only equitable relief in challenging aspects of [his] parole review that . . . could potentially affect

22  the duration of [his] confinement."  Docken, 393 F.3d at 1031.  "The likelihood of the effect on

23  the overall length of the prisoner's sentence . . . determines the availability of habeas corpus."

24  Id. at 1028 (quoting Ramirez, 334 F.3d at 858).  Success on the merits in such cases would not

25  "necessarily" implicate the fact or duration of confinement.  Instead, such claims have, at best,

26  only a possible relationship to the duration of a prisoner's confinement, as eligibility for parole is

27  distinct from entitlement to parole."  Id. at 1028-29.

28

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd

1   In California, a prisoner who "will pose an unreasonable risk of danger to society if

2   released from prison" is not suitable for release from prison, regardless of the amount of time

3   served.  Cal. Code Regs. tit. 15, § 2402(a).  In considering suitability, the Board is required to

4   consider "all relevant, reliable information available," including "behavior before, during, and

5   after the crime."  Id., § 2402(b).  The circumstances tending to show unsuitability include

6   evaluating petitioner's institutional behavior.  Id., § 2402(c)(6).  Likewise, institutional behavior

7   is given additional consideration among the circumstances tending to show suitability for parole

8   because "[i]nstitutional activities indicate an enhanced ability to function within the law upon

9   release."  Id., § 2402(d)(9). The unsuitability and suitability factors are "set forth as general

10  guidelines" to be considered by the parole board.  Id., § 2402(c), (d).  The validation of being an

11  active gang member can therefore diminish the chance that an inmate will be granted a parole

12  date.  This court has reviewed numerous transcripts from parole hearings at which California

13  prison inmates have been denied parole due, at least in part, to being associated with gang

14  members either currently or previously.  See, e.g., Wilkinson v. Austin, 545 U.S. 209, 227

15  (2005) (discussing the state's legitimate interest in "prison security, [which is] imperiled by the

16  brutal reality of prison gangs[.]")  Petitioner further asserts that at his parole hearings, he has

17  been told by Board members that if he cannot get out of SHU, he cannot complete the necessary

18  programming essential to adjustment.  (Opp. at 6.)

19  Petitioner's re-validation as an active gang member is the type of relevant information

20  that section 2402(b) requires parole boards to consider because it reflects on petitioner's

21  behavior "after the crime," and it is a possible indicator that petitioner is unable or unwilling to

22  comply with society's rules.  Id.  Expungement of petitioner's designation as an active gang

23  member, if warranted, could affect the duration of his confinement by making it more likely that

24  he would be granted parole.  See, e.g., Martin v. Tilton, No. 08-55392, 2011 WL 1624989, at *1

25  (9th Cir. April 29, 2011) (unpublished memorandum disposition) ("Even though Martin did not

26  forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because

27  the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole.");

28

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd

1  Larriva v. Watson, No. 1:06-cv-01453 OWW WMW, 2008 WL 398847, *3 (E.D. Cal. Feb. 12,

2  2008) (denying motion to dismiss on ground that habeas jurisdiction is absent when prisoner

3  challenges his gang validation and SHU placement); Murphy v. Department of Corrections and

4  Rehabilitation, No. C 06–04956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action

5  seeking expungement of serious disciplinary conviction cognizable on habeas review because

6  expungement could affect the duration of the petitioner's confinement by making it more likely

7  that he would be granted parole); Drake v. Felker, No. 2:07–cv–00577 (JKS), 2007 WL

8  4404432, at *2 (E.D. Cal. Dec. 13, 2007 (claim seeking expungement of disciplinary conviction

9  on grounds that it might someday affect petitioner's parole eligibility cognizable on habeas

10  review because "a negative disciplinary finding, at least in California, necessarily affects

11  potential eligibility for parole").

12      On the other hand, there is no evidence before the court, outside of petitioner's own

13  statements, that he has ever been denied a parole date on the basis of his being validated as an

14  active gang member and housed in the SHU.  In that sense, whether or not the absence of the re-

15  validation and release from SHU would affect his parole eligibility is somewhat speculative.  As

16  noted by respondent, the decision to grant or deny parole is based on a myriad of considerations.

17  Cf. Sandin, 515 U.S. at 487 (discussing whether a protected liberty interest was asserted, and

18  stating, "The chance that a finding of misconduct will alter the balance [or a parole suitability

19  decision] is simply too attenuated to invoke the procedural guarantees of the Due Process

20  Clause"); Ramirez, 334 F.3d at 859 (successful challenge to a prison disciplinary proceeding will

21  not necessarily shorten the length of confinement because the Board could deny parole for other

22  reasons).

23      However, most of the California district court cases which have denied or dismissed

24  habeas actions for lack of jurisdiction for claims outside the "core" of habeas claims, see Preiser,

25  411 U.S. at 487-88, 498, did so in reliance on this statement in Ramirez:  "habeas jurisdiction is

26  absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

27  necessarily shorten the prisoner's sentence."  334 F.3d at 859.  See, e.g., Ayala v. Horel, No. 09-

28

1    3170 SBA, 2011 WL 1196932, at *2-3 (N.D. Cal. March 30, 2011).  While there appears to be

2    some conflict between Ramirez and Docken, Ramirez's suggestion quoted above was dicta.

3    Ramirez involved a section 1983 case, and held "that the favorable termination rule [did] not

4    apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not

5    affect the overall length of the prisoner's confinement." Id. at 858.  The court in Ramirez then

6    went on to discuss the availability of habeas jurisdiction in light of this holding. Id.  This was

7    based on the assumption that jurisdiction under sections 1983 and 2254 are mutually exclusive.

8    As discussed in Docken, this assumption was not well-founded.  Docken, 393 F.3d at 1030-31

9    ("In the only instance where the Supreme Court addressed whether habeas and § 1983 are

10   necessarily mutually exclusive, the suggestion was that they are not.").  As a result, this court

11   follows the analysis in Docken, which reaffirmed Bostic's holding.  See Docken, 393 at 1029-31.

12          After a careful review of the cases cited above, the court concludes that petitioner has

13   stated a claim cognizable on habeas corpus.  In this case, although expungement of petitioner's

14   revalidation as an active gang member would not "necessarily shorten [his] sentence," Ramirez,

15   34 F.3d at 859, it is "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269,

16   and/or "could potentially affect the duration of his confinement."  Docken, 393 F.3d at 1031.

17   Although subsequent circuit cases appeared to conflict with Bostic, the Ninth Circuit more

18   recently reconciled its precedents and reaffirmed Bostic's holding.  See Docken, 393 F.3d at

19   1029-31.  The rationale of Bostic compels this court to conclude that the relief petitioner seeks

20   here - expungement of his validation as an active gang member and release from the SHU - is

21   available under the federal habeas statute.  Expungement of a petitioner's validation as an active

22   gang member from an inmate's record and subsequent release from the SHU is likely to

23   accelerate his eligibility for parole and could potentially affect the duration of his confinement.

24   Accordingly, respondent's motion to dismiss is DENIED.

25                                    **CONCLUSION**

26          Respondent's motion to dismiss is DENIED.  Petitioner's motion for an evidentiary in-

27   camera review hearing is DENIED without prejudice to renewal.

28

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd

1       Respondent shall file with the court and serve on petitioner, within **ninety days** of the

2   date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

3   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

4   Respondent shall file with the answer and serve on petitioner a copy of all portions of the

5   underlying state criminal record that have been transcribed previously and that are relevant to a

6   determination of the issues presented by the petition.  If petitioner wishes to respond to the

7   answer, he shall do so by filing a traverse with the court and serving it on respondent within

8   **thirty days** of the date the answer is filed.

9       It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all

10  communications with the court must be served on respondent by mailing a true copy of the

11  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

12  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

13  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

14  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15      The clerk is directed to terminate the docket numbers 13, 14, and 18.

16      IT IS SO ORDERED.

17  DATED:   6/24/11

18                          RONALD M. WHYTE
                        United States District Judge

19

20

21

22

23

24

25

26

27

28

Order Denying Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.10\Flores773mtdcr.wpd          7